Lisa S. Kantor, Esq. State Bar No. 110678
 e-mail: lkantor@kantorlaw.net
Elizabeth Green, Esq. State Bar No. 199634
 e-mail: egreen@kantorlaw.net
Mitchell O. Hefter, Esq. State Bar No. 291985
 e-mail: mhefter@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:  (818) 350-6272

*Attorneys for Plaintiff,
D.E.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| D.E., | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR:** |
| | ) | |
| v. | ) | **BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |
| ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, D.E., herein sets forth the allegations of her Complaint against Defendant, ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY.

COMPLAINT

**PRELIMINARY ALLEGATIONS**

1.  "Jurisdiction" - This action is brought pursuant to 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan insured and administered by Defendant. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post judgment interest, and attorneys' fees and costs.

2.  Plaintiff, D.E., was at all times relevant, a resident of Norwood, New Jersey. D.E. was at all times relevant a covered beneficiary under an employee welfare benefit plan regulated by ERISA (the "Plan") in which her father was the participant through his employment with KOFAX, Inc., of Irvine, California. Plaintiff brings this action under the pseudonym D.E. as she is a minor born in 1997.

3.  Plaintiff is informed and believes that Defendant Anthem Blue Cross Life and Health Insurance Company ("Anthem") is a corporation with its principal place of business in the State of California, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

4.  Anthem is the insurer of the employee welfare benefit plan pursuant to which D.E. is entitled to health care benefits. The policy of insurance issued by Anthem is identified by Group No. 276128M113. D.E. is identified through her father's Member ID. No. XDP845A78324.

# FIRST CAUSE OF ACTION AGAINST
# ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY
# FOR DENIAL OF BENEFITS

5. Plaintiff incorporates by reference paragraphs 1 through 4 as though fully set forth herein.

6. Plaintiff, D.E., is a 17-year-old young woman who suffers from anorexia nervosa, restricting type and obsessive compulsive disorder ("OCD"), which are both classified as severe mental illnesses under the California Mental Health Parity Act as well as under the terms of the Plan. She also suffers from generalized anxiety disorder, unspecified depressive disorder, amenorrhea, bradycardia, malnutrition, and has reported suicidal ideation.

7. On September 18, 2013, at the recommendation of her pediatrician and outpatient therapist, 15-year-old D.E. was admitted for inpatient treatment at Veritas Collaborative, LLC ("Veritas") in Durham, North Carolina. In the weeks leading up to her admission, D.E. did not eat anything for 15 days. At the time of admission, D.E., who stands 5'4" tall, weighed 86.4 pounds and was continuing to restrict her caloric intake to no more then 150-200 calories per day.

8. Anthem certified D.E.'s inpatient treatment from September 18, 2013 through October 3, 2013 as medically necessary.

9. On October 4, 2013, an Anthem case manager contacted Veritas and indicated that if D.E. was not "stepping down" that day, the facility could request an expedited appeal. Veritas challenged this denial for continued care given that Anthem failed to schedule a peer-to-peer review so D.E.'s medical condition could be reviewed, as required, by a doctor. Veritas advised Anthem that due to D.E.'s still significantly compromised medical condition, she was unable to step down to a lower level of care.

10. On October 9, 2013, D.E.'s treating psychiatrist participated in an expedited telephonic appeal with Anthem's medical reviewer, Marina Bussel, M.D. Veritas

requested continued inpatient treatment from October 4, 2013 forward. The treating psychiatrist informed Dr. Bussel of D.E.'s ongoing medical problems related to her eating disorder.

11. Dr. Bussel concluded that D.E. was stable and denied continued inpatient treatment from October 4, 2013 forward. At the time of this telephonic appeal, Dr. Bussel recommended that the appropriate level of care was residential treatment.

12. By letter dated October 10, 2013, Anthem issued a final denial of D.E.'s request for continued inpatient treatment at Veritas. The letter claimed that inpatient care was not medically necessary, and, in contrast to what Dr. Bussel had stated one day prior during the telephonic appeal, Anthem claimed that D.E. could be effectively treated with outpatient services.

13. D.E. remained in inpatient treatment until October 27, 2013, when she was safely transitioned to the residential treatment level of care. D.E. remained in residential treatment from October 28, 2013 through her discharge on January 9, 2014.

14. On January 2, 2014, February 4, 2014, and April 1, 2014, counsel for Plaintiff mailed requests to Anthem requesting a copy of Plaintiff's claim file Anthem. Anthem, despite having signed for each certified letter, failed to respond to all three requests.

15. Anthem wrongfully denied D.E.'s claims for medical services rendered by Veritas in the following respects:

    (a) Failure to authorize and pay for inpatient and residential treatment rendered to D.E. as required by the Plan at a time when Defendant knew D.E. was entitled to benefits under the terms of the Plan;

    (b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the plan documents, in relation to the applicable facts and plan provisions, for the denial of D.E.'s claims for medical benefits;

4

COMPLAINT

(c) After D.E.'s claims were denied in whole or in part, failure to adequately describe to D.E. any additional material or information necessary to perfect her claim along with an explanation of why such material is or was necessary;

(d) Failure to properly and adequately investigate the merits of D.E.'s medical claims and/or provide alternative courses of treatment;

(e) Failure to provide D.E. with a full and fair review pursuant to 29 C.F.R. §2560.501-1 (h)(3)(iii) by failing to consult with health care professionals who have appropriate training and experience in the field of medicine involved in the medical judgment;

16. Plaintiff is informed and believes and thereon alleges that Anthem wrongfully denied Plaintiff's claims for medical benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Anthem aware of once said acts or omissions are discovered by Plaintiff.

17. As a proximate result of the denial of medical benefits due Plaintiff, Plaintiff has been damaged in the amount of all of the medical bills incurred, in a total sum to be proven at the time of trial.

18. As a further direct and proximate result of this improper determination regarding Plaintiff's medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

19. The wrongful conduct of the Defendant has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan to clarify her right to future benefits under the terms of the Plan.

20. Plaintiff is entitled to recover the benefits due, enforce her rights and clarify her right to future benefits under the terms of the plan pursuant to 29 U.S.C. §1132 (a)(1)(B).

# SECOND CAUSE OF ACTION AGAINST
# ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY
# FOR EQUITABLE RELIEF

21. Plaintiff refers to and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

22. As a direct and proximate result of the failure of the Defendant to pay claims for medical benefits to Plaintiff, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

    (a) Restitution of all past benefits due to Plaintiff, plus prejudgment and post judgment interest at the lawful rate;

    (b) A mandatory injunction requiring Defendant to immediately qualify Plaintiff for medical benefits due and owing under the Plan, and;

    (c) Such other and further relief as the Court deems necessary and proper to protect Plaintiff's interests as a beneficiary under the Plan.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health care benefits due to D.E. under the Plan;

2. Payment of all costs and attorneys' fees incurred in pursuing this action pursuant to 29 U.S.C. § 1132(g);

3. Payment of prejudgment and post judgment interest as allowed for under ERISA; and,

4. For such other and further relief as the Court deems just and proper.


DATED: April 29, 2014                    KANTOR & KANTOR, LLP


                                                  BY: */s/Lisa S. Kantor*
                                                      Lisa S. Kantor
                                                      Attorneys for Plaintiff

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525